### ALLEN v. duPONT et al.
#### Civ. A. No. 1009.

District Court, D. Delaware.

Feb. 17, 1948.

James R. Allen, pro se.

William H. Foulk, of Wilmington, Del., pro se and for Pierre S. duPont, Richard S. Rodney, Edwin R. Kingery.

Edward G. Pollard, pro se.

John J. Morris, Jr., of Wilmington, Del., pro se and for William H. Kirkpatrick, Charles J. Coleman and Ivory Sharp.

David F. Anderson, of Wilmington, Del., for Walter H. Smith, Thomas W. Wilson, Anthony Deluca, and Malcolm S. Pritchett.

Nathan P. Michlin, of Wilmington, Del., pro se and for John L. Walmsley.

Meyer Bernstein, pro se.

Harold N. Green, of Arden, Del., pro se and for Joseph B. Green.

Philip Cohen, pro se.

Leonard G. Hagner, pro se

FOLLMER, District Judge.

The plaintiff herein instituted in the District Court of the United States for the District of Delaware an action against United States District Judges William H. Kirkpatrick and Richard S. Rodney et al. to No. C.A. 1009.

Having been designated by the Honorable Harold H. Burton, Circuit Justice for the Third Circuit, as the presiding Judge in the cause, I set October 23, 1947, at Wilmington, Delaware, as the time and place for the hearing of arguments and disposition of various motions pending therein.

Several hours prior to the time fixed for opening Court there was served upon me a copy of a Complaint in a suit filed against me by the plaintiff in this action. The Court being opened at the appointed hour, the parties litigant who were present were informed of what had occurred and the proceedings were continued pending a determination as to the effect thereof. I did not at the time disqualify myself. An examination of the Complaint revealed that it was predicated solely upon the fact that I had not acceded to the plaintiff's request to convene a three judge court.

On October 24, 1947, the plaintiff filed with Justice Burton a petition for the designation of a judge to preside in my stead.[1]

On November 3, 1947, there was also filed with Justice Burton an application for the appointment of a three judge court.

On January 14, 1948, Justice Burton entered an order refusing to appoint a judge in my stead for the reason that I had not disqualified myself, and a further order refusing application for a three judge court and in this order directed that the same be called to my attention in order that I might take such further action, if any, in relation thereto as I might deem proper in the premises.

Thereafter, on January 22, 1948, plaintiff filed an affidavit of Bias and Prejudice in which, after setting forth his residence, quoting the first sentence of Section 21 of the Judicial Code, 28 U.S.C.A. § 25, and the fact of my designation to preside in the above entitled cause, he alleges personal bias and prejudice. As the facts and reasons[2] to substantiate the belief that prejudice exists he alleges my anticipated refusal to convene a three judge court to

---

[1] The pertinent portion of the petition is as follows:

"Comes now the plaintiff and prays the Honorable Justice to appoint a disinterested and unprejudiced Judge of the circuit to hold Court in the District Court for the District of Delaware in Civil Action 1009, (Allen v. DuPont, Et Al), by reason of the previously appointed Judge, Hon. Frederick V. Follmer, (sic) having been disqualified to hold court because of a legal action having been taken against him prior to the time of holding court in the above cause.

"The said legal action having been instituted against the said Judge Follmer (sic) because of his failure to abide by the provisions of the law governing the challenging of the validity of Acts of Congress, and his intent to obstruct and defeat the due course of the law by depriving the plaintiff of his right of jury trial contrary to the provisions of the Seventh Amendment and of Rule 38 of the Rules of Civil Procedure [28 U.S.C.A. following section 723c]."

[2] Pertinent portions of the affidavit follow:

"That the said Frederick V. Follmer has a parsonal (sic) bias and prejudice to the affiant, the plaintiff in the above cause, and has attempted to favor the defendants in the said cause by neglecting or refusing to comply with the provisions of Section 3, Chapter 754, 50 Stat. 751, Act of Congress, approved August 24, 1937, (which is Section 380a, Title 28, U.S.Code) in requesting the appointment of the requisite three judges to hear and determine an Application for an injunction to prevent enforcement of an Act of Congress, which Act is Rule

hear the case and the pending suit for damages which he had filed against me to No. Civil 1073, and which suit, as has already been indicated, is predicated solely upon the same anticipated ruling as to a three judge court. The plaintiff, who did not appear by counsel of record but pro se, includes therein his certificate "That this affidavit is made in good faith, and for the purpose of preserving the purity of the courts." Whether this meets the requirements of the statute as to a certificate of counsel of record [3] need not be considered in view of the conclusions we reach on the affidavit itself.

■ The affidavit contains no intimation of the slightest personal acquaintance,[4] no suggestion of speech or conduct from which bias or prejudice might be inferred, but solely the failure to make a ruling in plaintiff's favor on a question of law, in other words, his personal disagreement with the correctness of an anticipated legal decision.

Having in mind the numerous instances in which plaintiff has consistently sought to disqualify judges by instituting suits against them,[5] and appreciating that this could conceivably continue ad infinitum, I feel it to be my duty to scan these proceedings carefully and to continue to function under my designation as the judge to act upon this cause if the "affidavit" is not legally sufficient.[6]

■ In Berger v. United States, 255 U.S. 22, at page 32, 41 S.Ct. 230, at page

---

12(b) of the Rules of Civil Procedure for the District courts [28 U.S.C.A. following section 723c].

"That under the provisions of the said Rule, such Application should be heard and determined at the earliest possible time, and before action is taken on the motions filed under the provisions of the said Rule.

"That on October 23, 1947, the said Frederick V. Follmer came to the District Court for the District of Delaware for the purpose of taking action on the motions which were filed under the provisions of the said Rule 12(b), knowing at the time that the said Rule had been challenged, and that he had not complied with the provisions of the said section 3, Chapter 754, 60 [50] Stat. 751, in hearing and determining the consitituionality (sic) of the saide Rule 12(b).

"That the said Frederick V. Follmer has attempted to favor the defendants, and is utterly bias and prejudiced to the affiant, the plaintiff in the said action, and is therefore wholly disqualified to sit as a judge in the said action, or in any other action in which the affiant is a plaintiff.

"That the said Frederick V. Follmer is named as a defendant in a suit for damages, which suit is filed in the District Court for the District of Delaware, and which is Case No. 1073, in which the affiant is the plaintiff.

"That this affidavit is made in good faith, and for the purpose of preserving the purity of the courts."

[3] 28 U.S.C.A. § 25.

[4] The present writer has not, as a matter of fact, ever met the plaintiff, nor to his knowledge ever seen him.

On the day set for the hearing on the motions plaintiff was not present in Court, or at least did not answer when called.

[5] For example,—

In the District Court of the United States for the District of Delaware to Civil Action No.427, James R. Allen v. Paul Leahy.

In the District Court of the United States for the Eastern District of Pennsylvania to Civil Action No. 4208, James R. Allen v. John Biggs, Jr., Albert B. Maris, Charles Alvin Jones, Herbert F. Goodrich, William P. Rowland (Clerk). 62 F.Supp. 229.

In the District Court of the United States for the District of Columbia to Civil Action No. 26,834, James R. Allen v. Harlan F. Stone, Owen J. Roberts, Hugo L. Black, Felix Frankfurter, Stanley Reed, William O. Douglas, Frank Murphy, Robert H. Jackson, Wiley Rutledge, James F. Byrnes et al.

Civil Action No. 26,998, James R. Allen v. David A. Pine.

Civil Action No. 32,445, James R. Allen v. Lawrence Groner, Henry W. Edgerton, E. Barrett Prettyman, Bolitha J. Laws, Matthew F. McGuire et al.

[6] The protection of the rights of litigants and their confidence in the integrity of the courts is both a delicate and important matter, of which this Court is fully aware. This Court would have no hesitation to disqualify itself if any personal bias or prejudice existed, whether or not alleged in an affidavit. On the other hand, however, a court, as is true in many other professions, is sometimes called upon to perform an unpleasant duty and should not shirk it.

232, 65 L.Ed. 481, the Supreme Court pointed out that "there is imposed upon the judge the duty of examining the affidavit to determine whether or not it is the affidavit specified and required by the statute and to determine its legal sufficiency.," and that "If he finds it to be legally sufficient then he has no other or further duty to perform than that prescribed in section 20 of the Judicial Code." In that case it also pointed out (255 U.S. at page 33, 41 S. Ct. at page 233, 65 L.Ed. 481) that "Of course the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." Does the affidavit of the plaintiff here have that character? For the purposes of such consideration the facts alleged must be considered as true.[7] The sole fact or reason alleged here is that the Court has not acceded to plaintiff's request for the appointment of a three judge court and there is no quarrel with that allegation. It is true. This fact is not, however, accompanied by any allegations of any surrounding circumstances which would justify a conclusion or belief of "personal" bias or prejudice. What may be said as to a ruling in the case certainly applies with even greater force to an "anticipated" ruling. The "affidavit" before me is predicated upon that and nothing more. The Supreme Court in the Berger case, supra, reaffirmed the principle of Ex parte American Steel Barrel Co., 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379, and stated "The case (Ex parte American Steel Barrel Co.) establishes that the bias or prejudice which can be urged against a judge must be based upon something other than rulings in the case." 255 U.S. at page 31, 41 S.Ct. at page 232, 65 L.Ed. 481.

We are not therefore here met with the temptation to evaluate the truth or falsity of certain alleged facts from which bias might be inferred, nor certainly is there any desire to find an escape from the statute by a narrow construction of the phrase "bias and prejudice." The facts as stated are true, the Court did not, prior to the date set for the hearing, accede to plaintiff's request and convene a three judge court.

The statute in question should be interpreted liberally. Certainly with its objectives no one can complain, least of all a judge who has any regard for the sanctity and the solemnity of his oath. On the other hand, it cannot be used frivolously. If the affidavit filed in this case is to prevail conceivably every judge in the Federal system might in monotonous succession be given the same sort of passport and our judicial procedure be rightly made the subject of ridicule and contempt.

In Ex parte American Steel Barrel Co., supra [230 U.S. 35, 33 S.Ct. 1010], the Court also said: "The basis of the disqualification is that 'personal bias or prejudice' exists, by reason of which the judge is unable to impartially exercise his functions in the particular case. It is a provision obviously not applicable save in those rare instances in which the affiant is able to state facts which tend to show not merely adverse rulings already made, which may be right or wrong, but facts and reasons which tend to show personal bias or prejudice."

As indicated above, no rulings of any sort have heretofore been made in this suit, and no facts or reasons have been given which tend to show bias or prejudice other than the failure to grant the plaintiff's motion to convene a three judge court and the supplemental fact that since the institution of this suit and on the day set for argument of pending motions therein plaintiff instituted the action for damages against the presiding judge.

The suit against me is predicated, as above indicated, on the same allegations as those set forth in the Affidavit of Bias and Prejudice and so far as tending in and of itself to be indicative of any personal bias or prejudice on my part against the plaintiff must be tested by the same rule as the affidavit itself. The institution of a suit instead of the filing of an Affidavit of Bias and Prejudice would otherwise become a method of circumventing

---

[7] Berger v. United States, supra.

the limitation in the statute to the effect that only one such affidavit may be filed.

It might also be pointed out that the affidavit which was filed January 22, 1948, is not timely. All of the facts alleged in the affidavit are contained in the Complaint which was filed against me prior to the time set for the hearing, to wit, October 23, 1947.[8]

In conclusion, I feel bound to find that I have not been disqualified by the institution of the suit against me and further that the Affidavit of Bias and Prejudice filed herein is not legally sufficient.

---

[8] 28 U.S.C.A. § 25 provides, inter alia, "* * * and shall be filed not less than ten days before the beginning of the term of the court, or good cause shall be shown for the failure to file it within such time."