**CURTIS v. UNITED STATES et al.**
**Civ. No. 497–50.**

United States District Court
D. New Jersey.
June 27, 1950.

_Nicholas J. Curtis, pro se._

—◆—

**FORMAN, District Judge.**

The plaintiff, Nicholas J. Curtis, appearing pro se, moved for the disqualification of the judge to whom this case was allocated in due course, and filed an affidavit in the above captioned action brought against the United States and other named defendants, which in its features essential to the present consideration is as follows:

"1. I have docketed Case No. 497–50 Civil, and I am about to file and serve a Complaint bringing in 8 parties defendant.

"2. Under date 6/7/50 the Clerk of the above entitled Court notified me that he has allocated my case to the Division of the Court at Trenton, N. J.

"3. My understanding is that District Court Judge Phillip Forman is hearing cases in this Court.

"4. I have had two other cases go before Judge Forman, Nos. 1, 5773 and Civil 10,181 and he killed them both thereby leaving me under the circumstances which appear on the records of the present case.

"5. In case No. 10,181 John A. Hartpence appeared for a motion to dismiss and in his oral argument in substance admitted the facts complained of to be true and as a matter of right demanded that Judge Forman dismiss my case. In that case I made reference with the matters and things which are now the subject of the present cases, two of them being incorporated, and attached slips issued by one of the present defendants showing the frauds which were right at the door steps of the above entitled Court against the Internal Revenue Laws and as a result against the Social Security Account of myself, No. 077–01–9759; which account has been defrauded out of four-five thousand dollars.

"6. Judge Phillip Forman of his own motion and without hearing any one in opposition made paragraph on the Question in his Opinion covering one of the worst subversive schemes to be found any where in the world thereby making opportunities to the employer defendant in the present case to carry on their frauds and schemes and keep on violating the Internal Revenue Laws of the United States and here it is where he landed.

"7. This is not a joke, the conspiracy has consummaded 40 years of my life and has left me under unspeakable circumstances.

"8. I have labored for a way out of these and looked for the names of the present Judges of the above entitled Court and find that Thomas F. Meaney and Thomas M. Madden are the two judges who have not taken part in any of the former cases. I have seen Judge Meaney one time and I have never seen Judge Madden, but I feel that either one of the two or both of them will be in a position to afford an impartial hearing or impartial hearings.

"9. I have noticed the New Acts of Congress and I am proceeding under two or three of them helpful to jurisdiction of the Court and there is no reason whatever why such subversive case as this should be permitted to terrorize the country at large. For the given reasons I cannot trust my case to the pathos of Judge Forman and Whereof pray for an impartial Tribunal to afford a final hearing."

The plaintiff has instituted many suits in this court. They are reviewed in detail in an opinion filed in an action instituted by him in this court under the title, Nicholas J. Curtis v. Utah Fuel Co., et al., C–10,181.[1]

Apparently, the plaintiff in his affidavit and the motion made pursuant to it has reference to 28 U.S.C.A. § 144, which reads as follows:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal

---

1. No opinion for publication.

bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

Beyond the matters contained in the affidavit the only other ground urged by movant for disqualification of the judge was a statement at the argument that he had presented a complaint against the judge to the Congress of the United States for his impeachment some time ago on grounds similar to those expressed in the present affidavit, on which no action had been taken as yet. The movant orally conceded that he did not contend that the judge had any personal animosity toward him and in fact agreed that he had none toward the judge. His only complaint was that the judge had failed to grant relief for which he has heretofore sued.

The United States Supreme Court has held that in order to challenge a judge sitting in a United States District Court "The basis of the disqualification is that 'personal bias or prejudice' exists, by reason of which the judge is unable to impartially exercise his functions in the particular case. It is a provision obviously not applicable save in those rare instances in which the affiant is able to state facts which tend to show not merely adverse rulings already made, which may be right or wrong, but facts and reasons which tend to show personal bias or prejudice. It was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise, but to prevent his future action in the pending cause." Ex parte American Steel Barrel Co., 230 U.S. 35, 43-44, 33 S.Ct. 1007, 1010, 57 L.Ed. 1379.

When confronted with a very similar situation as in this case, Judge Follmer sitting in the District of Delaware in the case of Allen v. DuPont, D.C., 75 F. Supp. 546, said: "In Berger v. United States, 255 U.S. 22, at page 32, 41 S.Ct. 230, at page 232, 65 L.Ed. 481, the Supreme Court pointed out that 'there is imposed upon the judge the duty of examining the affidavit to determine whether or not it is the affidavit specified and required by the statute and to determine its legal sufficiency,' and that 'If he finds it to be legally sufficient then he has no other or further duty to perform than that prescribed in section 20 of the Judicial Code.' In that case it also pointed out (255 U.S. at page 33, 41 S.Ct. at page 233, 65 L.Ed. 481) that 'Of course the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support of the charge of a bent of mind that may prevent or impede impartiality of judgment.' Does the affidavit of the plaintiff here have that character? For the purposes of such consideration the facts alleged must be considered as true. The sole fact or reason alleged here is that the Court has not acceded to plaintiff's request for the appointment of a three judge court and there is no quarrel with that allegation. It is true. This fact is not, however, accompanied by any allegations of any surrounding circumstances which would justify a conclusion or belief of 'personal' bias or prejudice. What may be said as to a ruling in the case certainly applies with even greater force to an 'anticipated' ruling. The 'affidavit' before me is predicated upon that and nothing more. The Supreme Court in the Berger case, supra, reaffirmed the principle of Ex parte American Steel Barrel Co., 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379, and stated 'The case (Ex parte American Steel Barrel Co.) establishes that the bias or prejudice which can be urged against a judge must be based upon something other than rulings in the case.' 255 U.S. at page 31, 41 S.Ct. at page 232, 65 L.Ed. 481." D.C., 75 F.Supp. at pages 548, 549.

See also Cole v. Loew's Inc., D.C., 76 F. Supp. 872.

The mere expression of dissatisfaction upon the part of a litigant demanding the disqualification of a judge may well call for the most meticulous self search upon his part to determine whether he harbors any prejudice against the litigant that may tend to tinge or deflect the stream of unpolluted justice. However, if the only basis for complaint is dissatisfaction with the decision of the judge, and there is no impediment to the unbiased and unprejudiced exercise of the judicial function it must be obvious that it is equally the duty of the judge to exercise his function and not permit the litigant by sheer whim to select the judge before whom he desires to have his case tried. Manifestly the disorganizing effect of such conduct with consequent overburdening of judges with cases not their normal work load cannot be countenanced.

In this instance there is no personal bias, prejudice or feeling upon the part of the judge against the litigant in fact or alleged in the affidavit. The ground for the motion rests only on failure of the plaintiff heretofore to achieve the judgments of the court for which he has sued. Hence it is on this 27th day of June 1950 ordered that the motion of the plaintiff that the judge disqualify himself and withdraw from hearing this case is hereby denied.