Richard L. PRIDE, Appellant,

v.

Brett W. HARRIS; Suburban Propane Gas
Corporation of Quantum Chemical Cor-
poration, a Virginia corporation, Appel-
lees.

No. S–5602.

Supreme Court of Alaska.

Sept. 23, 1994.

Rehearing Denied Oct. 27, 1994.

Richard L. Harren, Wasilla, for appellant.

Kenneth M. Gutsch, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellees.

Before MOORE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and BRYNER, J. Pro Tem.[*]

## OPINION

COMPTON, Justice.

This case involves property damage and personal injury arising from an automobile accident. Pride obtained a judgment in the district court for property damage. He cashed a check tendered by Harris in satisfaction of the judgment. He then sued in superior court for personal injury. The superior court held that Pride's personal injury claim was barred by accord and satisfaction. On appeal, Pride argues that (1) there was no consideration for or intent to enter into an accord, and (2) there was bias on the part of the trial judge. Harris and Suburban Propane argue that Pride's suit is barred by res judicata. We affirm in part and reverse in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Richard Pride was driving a borrowed vehicle[1] through the snow on Post Road in Anchorage in October 1989. Brett Harris was driving behind Pride in a tanker truck owned by Suburban Propane Gas Corp. When Harris attempted to overtake Pride there was a collision. The car driven by Pride was damaged and Pride allegedly suffered personal injuries.

Pride filed suit in the district (small claims) court against Harris seeking $1400.00 in property damage. *Pride v. Harris*, No. 3AN–90–128 SC (Jan. 4, 1990). In March 1990 the district court awarded Pride a judgment of $629.00 in property damage.[2] In April Harris' insurer tendered a check payable jointly to Pride and Theresa McKenzie. Pride refused the check and requested a check payable to him personally. In August the district court ordered that Pride receive a check payable to him personally, but required him to sign an agreement indemnifying the insurer for all claims by other persons with an interest in the vehicle. In September Pride acknowledged satisfaction of the judgment, signed the indemnity agreement, and received a check payable to him personally in the amount of $662.30.[3] This check stated that it was "For Full & Final Settlement of all claims." Pride contends that he cashed the check in the belief that he was settling claims relating only to *property damage.*

In June 1990 Pride had indicated that he might file a personal injury claim. Harris responded by letter that such a suit would be barred by res judicata. Pride did not respond to this letter; however, in December he filed in superior court a personal injury action against Harris and Suburban Propane.[4]

Harris and Suburban Propane filed a motion to dismiss based on res judicata. They then filed a motion for summary judgment based on accord and satisfaction. In February 1992 the superior court granted summary judgment for Harris and Suburban Propane based on the res judicata effect of the district court judgment.

In the interim, Pride moved for relief from the district court judgment in order to preclude the res judicata bar against his personal injury claim. Alaska R.Civ.P. 60(b). The district court denied the motion. However,

---

[*] Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. Theresa McKenzie was the registered owner of the vehicle. Pride had contracted to purchase the vehicle in the event that it was damaged.

2. The sum was calculated as follows: $850.00 (the value of the automobile) minus $250.00 (sal- vage value) plus $29.00 (costs plus pre-judgment interest).

3. The increase reflects additional post-judgment interest.

4. Suburban Propane was joined on a theory of respondeat superior.

on appeal the superior court reversed the district court and entered an order which instructed the district court to vacate judgment. It also allowed joinder of the property and personal injury claims in the pending superior court case. This occurred in March 1992, after the superior court had granted summary judgment based on res judicata.

Pride then sought reconsideration of the summary judgment based on res judicata. The superior court vacated its ruling of res judicata. However, the following day it granted summary judgment to Harris and Suburban Propane on the basis of accord and satisfaction. Pride appeals. AS 22.05.010; Alaska R.App.P. 202(a).

Pride asserts another point on appeal. In November 1992 Pride asked Superior Court Judge Mark C. Rowland to recuse himself on the basis of actual or apparent bias. Pride based this request on the fact that Judge Rowland had previously presided over a child custody proceeding between Pride and his companion at the time, Carla Fazio, in which Fazio was awarded custody of their child. *See Fazio v. Pride*, No. 3AN–88–2881 CI (April 20, 1989). Pride alleged that Judge Rowland's participation in *Fazio v. Pride* biased his consideration of the case at bar. Pride's motion for a change of judge was denied by Judge Rowland, reviewed by Supe-

rior Court Judge Rene J. Gonzalez, and again denied.[5]

## II. DISCUSSION

### A. The Issue of Res Judicata is Not Properly Before This Court.

■ Harris and Suburban Propane argue that we should affirm summary judgment on the basis of res judicata. We disagree. At the outset, we note that the district court judgment has been vacated. Because it is not a "final judgment," it *cannot* have res judicata effect. Restatement (Second) of Judgments § 13 cmt. f (1982) ("The judgment ceases to be final if it is in fact set aside by the trial court."); *see also Tolstrup v. Miller*, 726 P.2d 1304, 1306 (Alaska 1986).

■ Moreover, Harris and Suburban Propane have not properly preserved this issue for appeal in this proceeding. In the separate appeal from the district court, *Pride v. Harris*, No. 3AN–90–128 SC, the superior court reversed the district court judgment and allowed consolidation of the district court case with the pending personal injury case.[6] The district court judgment was then vacated. The superior court then vacated its prior summary judgment based on res judicata. However, Harris and Suburban Propane did not appeal any of these actions.[7] Accordingly, the issue of res judicata is not before this court.[8]

5. Pride concedes that he failed to exercise his peremptory right to recuse Judge Rowland. *See* Alaska R.Civ.P. 42(c).

6. Pride made the motion for relief from judgment based on Alaska Rule of Civil Procedure 60(b), which provides in part:

On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise or excusable neglect;
. . . ;
(6) any other reason justifying relief from the operation of the judgment.
Superior Court Judge Karen L. Hunt ruled that the district court's failure to grant the Rule 60(b) motion was an abuse of discretion. In an oral opinion Judge Hunt concluded that "the following factors mitigate [sic] in favor of granting the relief sought": (1) Pride did not have the benefit of counsel in small claims court; (2) Pride, a layperson, was unaware of the prohibition

against splitting causes of action; (3) the small claims manual was vague; (4) there was no showing that granting the requested relief would be prejudicial to Harris or Suburban Propane; and (5) there would be prejudice to Pride if the requested relief were denied.
In doing so, Judge Hunt emphasized our admonition that "the policy of finality underlying res judicata ... must be tempered by our paramount concern that a party be afforded his day in court." *Palfy v. First Bank of Valdez*, 471 P.2d 379, 384 (Alaska 1970).

7. Presumably this is because the superior court granted Harris' and Suburban Propane's motion for summary judgment based on accord and satisfaction the following day. Nonetheless, when Pride filed his notice of appeal regarding the accord and satisfaction issue in this case on April 2, 1993, Harris did not file a cross-appeal within 14 days. Alaska R.App.P. 204(a)(2).

8. Harris and Suburban Propane attempt to evade this obstacle by arguing that "this court is free to independently assess whether the District Court

B. The Superior Court Erred in Granting Summary Judgment for Harris and Suburban Propane on the Basis of Accord and Satisfaction.

■ The standard of review applicable to summary judgments is *de novo. Farmer v. State*, 788 P.2d 43, 46 n. 8 (Alaska 1990). In reviewing a summary judgment "[a]ll reasonable inferences of fact ... must be drawn against the moving party ... and in favor of the non-moving party." *Sea Lion Corp. v. Air Logistics of Alaska, Inc.*, 787 P.2d 109, 116 (Alaska 1990).

■ Harris successfully argued below that when Pride cashed the check tendered by Harris' insurer "For Full and Final Settlement of all claims" in September 1990, Pride executed an accord and satisfaction of any personal injury claims, as well as his claims for vehicular damage. Pride responds that any alleged accord lacked the requisite intent and consideration.

We restated the law regarding accord and satisfaction in *National Bank of Alaska v. Warfle*, 835 P.2d 1167 (Alaska 1992). We held that the enforceability of an accord is governed by general contract principles and thus requires an intent to enter into an accord, as well as an offer, an acceptance and consideration. *Id.* at 1170; *see also Martech Constr. Co. v. Ogden Envtl. Servs., Inc.*, 852 P.2d 1146, 1149 (Alaska 1993) (holding that release requires intent).

■ Drawing all inferences of fact in favor of Pride, we conclude that the superior court erred. Any alleged accord was not supported by consideration. Consideration for an accord exists where parties settle a good-faith dispute. *Phillips v. Mukluk Freight Lines, Inc.*, 721 P.2d 1143, 1144 (Alaska 1986). However, "payment by a debtor ... of a sum which is conceded by the debtor to be due and payable, or as to which there is

no dispute or controversy, furnishes no consideration for the discharge of a disputed claim for an additional and distinct amount or item of liability." 1 C.J.S. *Accord and Satisfaction* § 37, at 510–11. By virtue of the judgment in the district court, Harris was indebted to Pride in the sum of $629.00. There was no controversy as to (1) the amount, or (2) the fact that this amount represented the district court judgment for property damage. There was thus no consideration for an accord. Indeed,

> where there are two or more claims, the payment of the amount of one of them may reasonably be taken by the creditor as intended to settle that one claim alone; it will not operate as a satisfaction of both claims unless the debtor, when paying, clearly expresses to the claimant an intention that it shall so operate.

6 Arthur L. Corbin, *Corbin on Contracts* § 1277, at 122 (1962). We therefore disagree with the contention made by Harris and Suburban Propane that the district court judgment was "only a liquidated portion of a larger, unliquidated unitary claim for all damages arising out of the October 23, 1989 accident."

We conclude that, as a matter of law, Harris and Suburban Propane are not entitled to summary judgment based on accord and satisfaction, since the accord was not supported by considerations.

C. The Superior Court Did Not Err in Refusing to Disqualify Judge Rowland on the Basis of Bias.

■ We review a trial court's decision regarding disqualification or recusal on the grounds of bias for abuse of discretion. *Perotti v. State*, 806 P.2d 325, 327 (Alaska App. 1991). Accordingly, a decision regarding disqualification "deserves great deference." *Id.* at 328.

---

abused its discretion in denying Mr. Pride's Rule 60(b) motion to vacate the District Court judgment." In support of this argument, they rely on our prior holdings that "[w]here the superior court acts as an intermediate appellate court, this court owes no deference to its decision, but, '[i]nstead, ... independently scrutinize[s] directly the merits of the administrative determination.'" *State, Dep't of Health & Social Servs. v.*

*Hope Cottages, Inc.*, 863 P.2d 246, 249 n. 3 (Alaska 1993) (quoting *Tesoro Alaska Petroleum Co. v. Kenai Pipe Line Co.*, 746 P.2d 896, 903 (Alaska 1987)). However, this standard of review is applicable only to determinations which are appealed from the superior court. *Tesoro*, 746 P.2d at 902. Absent an appeal, we cannot review a superior court's appellate resolution of a district court case.

A judicial officer should recuse herself where, under the totality of the circumstances, her participation in proceedings creates the appearance of partiality. *Id.* at 327; *see* AS 22.20.020(a)(9) ("A judicial officer may not act in a manner in which ... the judicial officer feels that, for any reason, a fair and impartial decision cannot be given."); Alaska Code of Judicial Conduct, Canon 3(C)(1)(a).[9]

Pride contends that Judge Rowland was biased because he had previously presided over *Fazio v. Pride,* No. 3AN–88–2881 CI (April 20, 1989). In that case Judge Rowland awarded custody of Pride's and Carla Fazio's child to Fazio. In making this determination, Judge Rowland reached some negative conclusions regarding Pride's fitness as a parent.[10] Pride notes that in a personal injury action such as this his "overall condition, lifestyle and activities will be a central issue." He argues that by having presided over *Fazio v. Pride,* Judge Rowland necessarily prejudged "Pride's character and credibility ... to be significantly deficient."

We disagree. There is no rule *requiring* recusal or disqualification of a judge who previously has presided over a case involving the party seeking disqualification or recusal. Indeed, "every judge, when he hears a case or writes an opinion must form an opinion on the merits and ... [often] an opinion relative to the parties involved. But this does not mean that the judge has a 'personal bias or prejudice.'" *State v. City of Anchorage,* 513 P.2d 1104, 1113 (Alaska 1973) (quoting *Tucker v. Kerner,* 186 F.2d 79, 84 (7th Cir.1950)).

Accordingly, Judge Gonzalez concluded: "The fact that Mr. Pride may feel that Judge Rowland is biased against him is not sufficient to lead this Court to conclude that there is, in fact, an appearance of .. : partiality on the part of Judge Rowland." This decision did not constitute an abuse of discretion.

Pride alleges that there is evidence from these proceedings that Judge Rowland had "negative attitudes toward Pride." This is based on adverse rulings and allegations of delay in the present proceeding as well as an inference arising from the factual findings and result in the prior custody proceeding. He admits that "none of the above circumstances are objective proof of actual bias on the part of Judge Rowland." We conclude that Pride has not made a sufficient showing of actual or apparent bias. Disqualification "was never intended to enable a discontented litigant to oust a judge because of adverse rulings made." *City of Anchorage,* 513 P.2d at 1112 (quoting *Ex parte American Steel Barrel Co.,* 230 U.S. 35, 43–44, 33 S.Ct. 1007, 1010, 57 L.Ed. 1379 (1913)).

III. *CONCLUSION*

The issue of res judicata is not before this court. We conclude that the alleged accord was not supported by consideration. *Warfle,* 835 P.2d at 1170. This precludes summary judgment on the basis of accord and satisfaction. Further, we conclude that the superior court did not abuse its discretion in refusing to disqualify Judge Rowland on the basis of bias.

9. The Alaska Code of Judicial Conduct, Canon 3(C)(1)(a), provides in part:
  C. Disqualification
  (1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
    (a) he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; ...

10. Judge Rowland's findings of fact stated in part:
  4. [Pride] is not employed and his plans for his own economic future are not well-formulated and are generally unrealistic. His explanation for his present unemployment is questionable.

5. The means by which [Pride] presently supports himself is unclear. Considering his recreational choices, his explanation of how he supports himself is not credible....

8. Having been involved in the growing of marijuana for sale and the marketing of the product he grew out of his home, [Pride] has demonstrated a disregard for law and the lack of an acceptable value system to pass on to the child....

10. [Pride] is an angry, violent, irresponsible, grossly immature individual with a bizarre value system who, other than loving the child, has little or no capacity to meet the child's physical, emotional, mental, religious or social needs.

AFFIRMED in part and REVERSED in part, REMANDED for further proceedings.