**UNITED STATES ex rel. Rudolph E. BOYANCE**

v.

**COMMONWEALTH OF PENNSYLVANIA, David N. Myers, Superintendent State Correctional Institution, Graterford, Pennsylvania.**

**No. 2543.**

United States District Court
E. D. Pennsylvania.

July 3, 1963

Rudolph Boyance, in pro. per.

Ward F. Clark, Asst. Dist. Atty. of Bucks County, Doylestown, Pa., for defendant.

**FREEDMAN**, District Judge.

This is a petition for habeas corpus filed after leave was granted to proceed in *forma pauperis*. Petitioner also asks for the appointment of counsel to represent him.

The facts as they appear in the petition, the answer of the District Attorney of Bucks County, a response thereto by the petitioner and petitioner's letters to the court may be summarized without including any item which has not in effect been conceded to be true.

Petitioner was indicted in the Court of Quarter Sessions of Bucks County on charges of burglary, larceny, receiving stolen goods, possession of burglary tools, bringing stolen property into the State and conspiracy. He was tried before Judge Fullam and a jury, found guilty on all counts, and later was sentenced to imprisonment for a term of not less than five years nor more than ten years on each count, the sentences to run concurrently.

1. At the preliminary hearing petitioner admittedly was represented by counsel of his own choice. When he was called for trial he rejected an offer for the appointment of counsel. The trial judge's opinion filed pursuant to Superior Court Rule 43 states that petitioner re-jected an offer made far in advance of trial of the services of the Public Defender's office and declined the trial judge's offer before the trial began to appoint counsel to represent him. The District Attorney's answer is to the same effect. The petitioner claims on the contrary that he was first offered counsel about one hour before the trial began. The conflict need not be resolved. For it is clear that petitioner had the opportunity to obtain court appointed counsel. If, taking petitioner's version, the time of the appointment would not have afforded counsel adequate time for the preparation of the defense, we must assume that a request would have been made to the court for a continuance and, if justified, would have been granted. Indeed, the petitioner does not complain of the failure to appoint counsel to represent him at the trial. He expressly states that he "assents to the opinion of the Superior Court of Pennsylvania in that he rejected an offer of the services of the Public Defender at his trial".[1] What he argues is that the trial court should have appointed counsel to act as "amicus curiae" and that although he waived the right to counsel to speak for him, he did not waive the assistance of counsel as "amicus curiae". There is, of course, no merit in this contention.

2. Petitioner also claims that counsel whom he hired to prosecute his appeal to the Superior Court withdrew prior to the decision on appeal, but failed to advise him of the withdrawal and was negligent in not notifying him of the Superior Court's decision. Petitioner claims that as a result he lost the opportunity to seek review by the Supreme Court of Pennsylvania.

Appeals such as the petitioner's lie as of right to the Superior Court. An appeal may not be taken, however, to the Supreme Court as of right but lies only on the grant of an allocatur by a Justice of the Supreme Court or on special allowance of the Superior Court. Act of June 24, 1895, P.L. 212 § 7(e), 17 P.S. § 190.

1. Petition, p. 6 (unnumbered).

Allocaturs by the Supreme Court and allowance of appeals by the Superior Court are infrequent, as the tables printed in the Pennsylvania Superior Court Reports will show.

█ Clearly the negligence of a privately employed counsel in failing to advise his client of the Superior Court's affirmance of the lower court judgment in time to seek an appeal to the Supreme Court would not constitute the denial of a constitutional right. The docket of the Superior Court shows that counsel who had appeared on the brief for petitioner as appellant there had not withdrawn his appearance. Petitioner claims, however, that his counsel had withdrawn and failed to give him notice either of his withdrawal or of the decision of the Superior Court. This question of fact need not be determined here for a number of reasons.

In the first place, the arguments presented in the brief for petitioner as appellant in the Superior Court are such that it is difficult to suppose that an allocatur would have been granted by the Supreme Court of Pennsylvania or that an appeal would have been allowed by the Superior Court even if an application had been filed.

Moreover, although petitioner's right to counsel to prosecute an appeal in the Superior Court was settled on a constitutional level by Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), it does not follow that he has an equal right to court appointed counsel to seek review by the Supreme Court of Pennsylvania.

█ In any event, this is not a case of the denial of an indigent prisoner's application for the appointment of counsel to prosecute a second appeal. Petitioner here had privately employed counsel to represent him in the Superior Court. His claim that because of his indigency counsel withdrew prior to the final decision of the Superior Court and then negligently failed to advise him of his withdrawal and of the Superior Court's decision, thus foreclosing his opportunity to seek an allowance of appeal to the Supreme Court of Pennsylvania, does not amount to that invidious discrimination by the State which is constitutionally proscribed. See Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Petitioner is in no different position from an appellant of means whose counsel neglected to inform him of the decision of the Superior Court and thereby allowed the time to apply for an appeal to expire. Although indigency of the petitioner may have been the *occasion* for his counsel's withdrawal, the failure of his counsel to note his withdrawal or to transmit notice of the Superior Court's decision to the petitioner, if they occurred, were acts of neglect or default which are not peculiar to an indigent client. This is private conduct between the lawyer and client and is not State action.

Finally, the alleged withdrawal of petitioner's counsel and the alleged failure of petitioner to receive notice of the Superior Court's decision were never brought to the attention of the State courts. If adequate reason existed, beyond mere negligence of counsel, such as a failure to seek review within the statutory time because of a breakdown in the machinery of notice from the court's officers which by custom has come to be relied upon, relief is available in the State courts by way of application for appeal *nunc pro tunc*. Nixon v. Nixon, 329 Pa. 256, 198 A. 154 (1938).[2]

---

2. Kephart, C. J., there said: "[T]he legislative purpose is not to foreclose a party who satisfactorily explains his delay. However, the occasion must be extraordinary and must involve fraud or some breakdown in the court's operation through a default of its officers, whereby the party has been injured. There can be no extension of time as a matter of indulgence. (citing authority). Such excuses as * * * neglect of an attorney * * * are insufficient. Fraud, on the other hand * * * or its equivalent, 'the wrongful or negligent act of a court official' * * * may be a proper reason for holding that, as to the injured person, the statutory period does not run and that the wrong may be corrected

If there is any merit beyond what now appears in petitioner's claim to a right to seek review by the Supreme Court of Pennsylvania the complaint should be heard by the State courts.

3. A careful examination of the papers discloses the possibility that petitioner may perhaps be claiming the deprivation of a constitutional right which he has not expressly stated. He concedes that he waived the right to counsel on his own behalf and his complaint is that the trial court failed to appoint an *amicus curiae*. In his petition [3] he states: "Defendant elected to defend himself in the staunch belief that his innocence was Profound and his position unwaiving. Petitioner felt that this belief in his innocence was so overpowering, that only he was capable of presenting his case in a manner that would justify his innocence."

Nevertheless, in a number of instances petitioner refers to his right to counsel in his "appeal by right". It may be inferred from the context that he refers to his motion for new trial. The opinion of the trial judge states that when the verdict was returned the defendant stated that he did not wish to seek a new trial; that when it became apparent that defendant had not entirely abandoned the thought of appealing the trial judge explained the practical necessity of filing a post-trial motion and suggested that he confer with the Public Defender's staff. For this purpose the trial judge entered an order enlarging from the usual four to seven days the time in which defendant might file a motion for new trial. Fourteen days later, no motion having been filed, defendant was brought up for sentence, and then belatedly sought to file a motion for new trial. Permission to do so was granted *nunc pro tunc* and a written motion was subsequently filed which the trial judge states was obviously prepared with the assistance of counsel. Approximately one month later defendant wrote to the trial judge withdrawing his motion for new trial and requesting that he be brought up for sentence. The defendant thereafter in open court executed a formal withdrawal of his motion for new trial and then was duly sentenced.

The petitioner has not disputed these facts set out in the trial judge's opinion attached to the District Attorney's answer, although he filed what is in effect a reply to that answer.

A motion for new trial is so intimately a part of the trial proceeding itself, standing as it does at the trial court level, that if an indigent defendant is entitled to counsel both at the trial and in the prosecution of an appeal, at least the first appeal, it is difficult to see why he is not entitled to counsel at the intermediate point of a motion for new trial. But the intimate relationship between the trial and post-trial motions in the trial court makes the knowing and intelligent refusal of the assistance of counsel at the trial carry with it the waiver of counsel for any post-trial motions, especially in the absence of any fresh demand by the defendant.

We therefore will deny the petition for habeas corpus. In doing so, however, we shall not foreclose the petitioner's right to resort to the State courts if there are any facts which would justify his application there with regard to his failure to

---

by means of a petition filed nunc pro tunc within a reasonable time. * * * (329 Pa. pp. 259–260, 198 A. p. 157).

"Here the circumstances are such that appellant should not be made to suffer for the prothonotary's neglect to notify him of the order affirming the judgment. Despite the fact there is no statute or written rule of court requiring the prothonotary of the Superior Court to issue notices when orders have been entered, we understand that he has customarily assumed such a duty. This practice [has] grown to a custom, to notify counsel of the decisions of the * * * Superior [Court] * * *. Appellant, through his attorney, was lulled into security by this practice, and his failure to receive such notice is sufficient reason for us to hold that appellant should be permitted an appeal." (329 Pa. pp. 261–262, 198 A. p. 158).

3. P. 7 (unnumbered).

receive notice of the decision of the Superior Court and the absence of counsel on his motion for new trial. The circumstances surrounding these aspects of the case call peculiarly for their consideration in the first instance by the tribunal in which they occurred. All the facts are lodged in the records of the State courts and the details of what happened both at the trial level and in the Superior Court proceeding could most conveniently be examined there. Comity and practical considerations alike require that any inquiry into these circumstances on habeas corpus should be sought and exhausted initially in the State courts.[4]

## ORDER

And now, July 3, 1963, the petition of Rudolph E. Boyance for a writ of habeas corpus is denied without prejudice.

---

4. For a recent decision illustrating that exhaustion of State court remedies is not a formality, see United States of America ex rel. Wilkins v. Banmiller, —— F.2d —— (3d Cir. 1963).