**UNITED STATES of America ex rel. Rudolph E. BOYANCE, Appellant,**

v.

**David N. MYERS, Superintendent of Graterford Correctional Institute.**

**No. 15553.**

United States Court of Appeals Third Circuit.

Argued Jan. 20, 1967.

Decided Feb. 3, 1967.

**112**

Curtis R. Reitz, Philadelphia, Pa., for appellant.

Oscar S. Bortner, Asst. Dist. Atty., Doylestown, Pa., for appellee.

Before HASTIE, GANEY and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal by a state prisoner from the district court's dismissal of his petition for habeas corpus on the ground that he had failed to exhaust state remedies.

An earlier habeas corpus petition, filed in 1964, challenged this prisoner's conviction as unconstitutional, both because evidence obtained by illegal search and seizure had been used against him and because his right to counsel had been abridged. The district court dismissed the petition on the ground that the petitioner had not exhausted his state remedy on the claim of denial of counsel.

Rather than appealing from that judgment, the petitioner then sought habeas corpus in a state court on the ground that he had been denied counsel. Experiencing unanticipated delay in the disposition of that state proceeding, the petitioner filed the present petition in the district court, seeking relief solely on the ground that evidence obtained by illegal search and seizure had been used against him. The district court dismissed the petition on the ground that the petitioner had not exhausted his state remedy with reference to his other contention—not advanced in this proceeding—concerning the denial of counsel.

■ This ruling was incorrect. The illegal search and seizure claim, if established, is sufficient to require the vacation of petitioner's conviction. The state courts have fully considered this claim and rejected it. The rule of comity which precludes granting relief to a state prisoner in a collateral federal proceeding until the state courts shall have had an adequate opportunity to consider the petitioner's claim has been fully satisfied. It is no bar to federal adjudication of the merits of the present claim that a separate claim for relief on a different ground is pending in a state court. Cf. Torrance v. Salzinger, 3d Cir. 1962, 297 F.2d 902.

■ We recognize, as did the district court, the desirability, where circumstances permit, of including all grounds for habeas corpus in a single petition. But we think this does not outweigh the legitimate interest of a prisoner in obtaining prompt federal consideration of an adequate and properly asserted ground for relief that has been urged unsuccessfully before the state courts.

■ Fortunately, it is now feasible to have the district court consider both of the appellant's grounds for relief. During the pendency of the present federal action, a state court of first instance denied the petition seeking relief on the ground of denial of counsel and the Superior Court of Pennsylvania sustained that ruling. In these circumstances, at argument on this appeal, counsel for the state sensibly agreed to waive further appellate exhaustion of state remedy and to consent to the amendment of the

present petition to include the claim of denial of counsel and the trial of both issues by the court below. Since the rule of exhaustion of state remedies is solely a rule of comity, In re Ernst's Petition, 3d Cir. 1961, 294 F.2d 556, state waiver of the rule should be given effect in the interest of prompt and comprehensive adjudication of all matters in controversy.

The judgment will be reversed and the cause remanded for amendment of the petition and trial on the merits in accordance with this opinion. In view of the state's consent to this action and the long delay already experienced by the petitioner in obtaining federal consideration of the merits of his contentions, our mandate shall issue forthwith. We are confident that the district court in turn will expedite hearing upon the petition and its disposition.