Rudolph E. **BOYANCE**

v.

**UNITED STATES of America.**

Civ. A. No. 43267.

United States District Court
E. D. Pennsylvania.

Oct. 26, 1967.

Rudolph E. Boyance, in pro. per.

Drew J. T. O'Keefe, U. S. Atty., Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

On August 4, 1967 Rudolph E. Boyance instituted the instant proceeding under 28 U.S.C. § 2255 to set aside concurrent year and a day sentences imposed by this court in August 1962 on each of four counts of conspiracy and counterfeiting to which Boyance had entered guilty pleas. On October 4, 1967 Boyance filed an affidavit pursuant to 28 U.S.C. § 144 [1] seeking my disqualification on the ground of personal bias and prejudice.

A. *The § 144 Affidavit.*

The affidavit seeking disqualification must be considered first. It is the duty of the judge to whom such an affidavit is addressed to consider whether the facts set forth therein, accepted as true, are legally sufficient to charge personal bias and prejudice. If the affidavit is legally sufficient, the judge to whom it is addressed may proceed no further. Simmons v. United States, 302 F.2d 71 (3d Cir. 1962); and see Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); Green v. Murphy, 259 F.2d 591 (3d Cir. 1958).

(a) *Background.*

Some background facts are essential to an understanding of the charges in the affidavit.

Boyance was one of several defendants charged in this court with conspiracy and violations of the counterfeiting laws of the United States in Criminal No. 20914. After that trial began before me, Boyance changed his plea to guilty, and the sentences now sought to be attacked were imposed. At the time of the trial on the federal charges Boyance was already serving concurrent 5 to 10 year state sentences on several counts of burglary, larceny and related charges.

Sometime in May 1964 Boyance filed a habeas corpus petition in this court (M-2543) attacking the state convictions. That matter was assigned originally to Judge Abraham L. Freedman and when Judge Freedman was elevated to the Court of Appeals, was reassigned to me. There has been much litigation in this court relating to the state convictions and it has not yet ended.[2]

Concurrent with the attack upon the state convictions, Boyance sought to set aside the sentences imposed by this court in Criminal No. 20914. A proceeding filed under § 2255 in December 1963

---

1. "§ 144. Bias or prejudice of judge

   Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

   The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

2. Petition for Writ of Habeas Corpus, M-2543, Denied. U. S. ex rel. Boyance v. Commonwealth of Pennsylvania, 219 F. Supp. 12 (E.D.Pa.1963). Petition for Writ of Habeas Corpus, M-2728, Denied December 30, 1964 (unreported). Appeal withdrawn March 30, 1965. Petition for Writ of Habeas Corpus, M-3008, Denied June 18, 1965 (unreported); reversed 372 F.2d 111 (3d Cir. 1967); amended petition filed February 15, 1967, Denied July 10, 1967. United States ex rel. Boyance v. Myers, 270 F.Supp. 734 (E.D. Pa.1967). Appeal pending.

(Civil Action No. 34641) was dismissed because Boyance was not then in federal custody. In August 1965 Boyance filed a motion under Rule 32(d), Federal Rules of Criminal Procedure, in Criminal No. 20914, to withdraw the plea of guilty. Counsel was appointed to represent Boyance, a hearing was held and, on September 15, 1966, the motion was denied. United States v. Boyance, 258 F.Supp. 935 (E.D.Pa.1966). An appeal was filed but was later withdrawn.

On July 12, 1967 Boyance was paroled from his state sentences and was turned over to federal custody to commence service of the sentence imposed by this court in August 1962. The instant § 2255 proceeding was filed promptly thereafter.

(b) *Sufficiency of the Affidavit.*

Accepting, as I must, the truth of all the factual allegations of the affidavit, I conclude that the affidavit is legally insufficient to support a charge of personal bias and prejudice and I may not, therefore, disqualify myself from consideration of the § 2255 application.

Asserted as the bases for the charge of personal bias and prejudice are (1) an erroneous ruling, in the habeas corpus petitions (M-2728 and M-3008) attacking the state court convictions, refusing to consider search and seizure questions on the ground of failure to exhaust state remedies on abridgement of counsel questions raised in one of those petitions; (2) an adverse ruling on Boyance's 32(d) motion to withdraw the guilty plea in Criminal No. 20914; and (3) "harassment and judicial impropriety" toward Boyance and his court appointed attorney during the hearing on the 32(d) motion.

(1) and (2). The first and second asserted grounds are clearly insufficient. Rulings by the court afford no basis for a claim of personal bias and prejudice since they are subject to appeal and erroneous ones can be corrected through the normal appellate processes. Ex parte American Steel Barrel Co., 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913); Simmons v. United States,

supra; Tucker v. Kerner, 186 F.2d 79, 23 A.L.R.2d 1027 (7th Cir. 1950). The ruling complained of in Boyance's case was appealed and was reversed, 372 F.2d 111.

(3). As to the third ground, the affidavit alleged that

"* * * defendant was subjected to harrassment and judicial impropriety by Judge Alfred L. Luongo, while testifying in his own behalf, creating an atmosphere causing nervous tension to defendant with purpose of making defendants' (sic) testimony appear incredible. Moreover, appointed counsel, David H. Kubert, Esquire, was harrassed and made to appear ridiculous in his efforts to present evidence in defendants' (sic) behalf."

The charge is conclusory. The affidavit sets forth no specific acts of "harrassment" or of "judicial impropriety" and fails, therefore, to meet the requirements of § 144. United States v. Bell, 351 F.2d 868 (6th Cir. 1965), cert. denied, 383 U.S. 947, 86 S.Ct. 1200, 16 L.Ed.2d 210 (1966); United States v. Hanrahan, 248 F.Supp. 471 (D.C.1965); United States v. Gilboy, 162 F.Supp. 384 (M.D.Pa.1958). Charges that the judge had permitted undue latitude to the prosecution, that he had engaged in harsh cross-examination of the defendant and that he had improperly argued the case for the prosecution were held to be "couched in generalities and fail to recite specific acts, which are required for a successful attack upon the qualifications of the Judge to sit in the proceedings, * * *" Simmons v. United States, supra, 302 F.2d at p. 76. Similarly, in Scott v. Beams, 122 F.2d 777 (10th Cir. 1941), allegations of hostility, abuse of witnesses and encouragement of counsel for the adverse party were held to be lacking in the requisite specificity.

Further, § 144 requires that the affidavit be accompanied by a certificate of counsel of record stating that it is made in good faith. Boyance has filed the instant proceeding *pro se*, but he was represented by court appointed coun-

sel in the 32(d) proceeding. Since the judge against whom the affidavit is filed is precluded from passing on petitioner's good faith, § 144 requires counsel of record to attest to that good faith in order to protect against an obviously untruthful affidavit. See Mitchell v. United States, 126 F.2d 550 (10th Cir. 1942), cert. denied, 316 U.S. 702, 62 S.Ct. 1307, 86 L.Ed. 1771, (1942), rehearing denied, 324 U.S. 887, 65 S.Ct. 855, 89 L.Ed. 1436 (1944); United States v. Gilboy, supra. Although Boyance has no counsel of record in the instant proceeding, his failure to attach the certificate of his counsel of record in the 32(d) proceeding is an additional ground for ruling the affidavit insufficient.

B. *The § 2255 Motion.*

Having concluded that the affidavit is legally insufficient, I consider now the § 2255 application which Boyance has designated "Motion to Vacate Sentence."

Two grounds are advanced for vacating the sentence:

(1) that at the time Boyance entered the guilty plea in Criminal No. 20914, the court failed to make searching inquiry as required by Rule 11 of the Federal Rules of Criminal Procedure; and

(2) that at the time of sentencing the court had before it a presentence report containing inaccurate information concerning Boyance's prior arrest record.

As to the first, this is the same ground that was asserted in Boyance's 32(d) motion in Criminal No. 20914. It was there heard and considered thoroughly in a proceeding in which Boyance was represented by counsel. He makes no claim that he can produce anything more or different than was presented to the court at the hearing on the 32(d) motion. I incorporate in this Opinion, by reference thereto, the findings made in the 32(d) proceeding, that the plea was voluntarily and intelligently entered, and the ruling there made that the lack of searching inquiry at the time of the entry of the guilty plea was not a fatal deficiency.

■ As to the second ground, even assuming that the presentence report was inaccurate to the degree alleged, it does not afford a basis for a charge that the sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, * *" 28 U.S.C. § 2255. The sentence was well within the statutory limits [3] and is a matter of judicial discretion. United States v. Brown, 382 F.2d 52 (3d Cir. August 1, 1967). The presentence report revealed that Boyance had a substantial prior criminal record. The inaccuracy claimed is that the report charged Boyance with two more convictions than he actually had. If the record were reduced by two convictions, it would still be substantial. In view of the seriousness of the charges and in view of the fact that Boyance did have a prior criminal record, the sentence of a year and a day was quite modest. If the prior criminal record had been less bad, I would not have been disposed to be more lenient.

The § 2255 motion will be denied.

ORDER

And now, this 26th day of October, 1967,

(a) upon consideration of the affidavit filed pursuant to 28 U.S.C. § 144, it appearing that the affidavit is insufficient to charge personal bias and prejudice, it is ordered that the request for disqualification be and it is hereby denied;

(b) upon consideration of the "Motion to Vacate Sentence" filed pursuant to 28

---

3. A year and a day concurrent on each of the four counts. The maximum sentence on the conspiracy count (18 U.S.C.A. § 371) is $10,000 and/or 5 years; on each of the two counts charging uttering counterfeit money (18 U.S.C.A. § 472) is $5,000 and/or 15 years; and on the count charging dealing in counterfeit money (18 U.S.C.A. § 473) is $5,000 and/or 10 years.

U.S.C. § 2255, the Answer thereto, and upon consideration of proceedings heretofore conducted in this Court in United States v. Boyance, et al, Criminal No. 20914, 215 F.Supp. 390, it is ordered that the "Motion to Vacate Sentence" be and it is hereby denied.