**Edward C. REA et al.**

v.

**FORD MOTOR COMPANY.**

Civ. A. No. 67–286.

United States District Court,
W. D. Pennsylvania.

Feb. 11, 1972.

Robert E. Wayman, Robert A. Jarvis, Pittsburgh, Pa., for plaintiff.

John H. Morgan, Pittsburgh, Pa., for defendant.

## MEMORANDUM

KNOX, District Judge.

Plaintiff, Edward C. Rea, on the afternoon of Friday, February 4, 1972, filed an affidavit of Bias or Prejudice against the undersigned to whom this protracted action for breach of contract and violation of the antitrust laws and the automobile dealers act was assigned on January 5, 1971. The affidavit was brought to the court's attention at midmorning February 7, 1972, during preparations for argument and a pretrial conference in the case. This case has been pending since March 6, 1967, and has been assigned for trial beginning February 22, 1972. The judicial council for this circuit has previously queried this member of the court for an explanation as to why this case has not been tried. Further proceedings in the case were suspended until February 10 pending disposition of the affidavit.

28 U.S.C. § 144 provides, inter alia, as follows:

"Whenever a party to any proceeding in a district court makes and files a timely and *sufficient* affidavit that the judge before whom the matter is pending has a *personal bias or prejudice* either against *him* or *in favor of any adverse party*, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

Under such circumstances, the easy way out is to allow the affidavit and direct that the case be assigned to another judge. However, the responsibilities of judicial office and responsibility to busy fellow judges and to litigants do not permit such an easy solution. I will state that I have searched my conscience as admonished in Smith v. Insurance Co., M.D.Tenn. (1963), 213 F.Supp. 675 and other cases and found no bias therein existing. The court has not made up its mind on the merits of the case but is waiting to hear the evidence which is to be produced before the court and jury.

Under the law, it is clear that the mere filing of such an affidavit does not disqualify a judge automatically. He must first determine if the affidavit is legally sufficient under the act, considering the facts (but not conclusions) alleged as true. See United States v. Partin, E.D.La.1970, 312 F.Supp. 1355; Behr v. Mine Safety Appliances Co., 233 F.2d 371 (3d cir. 1956). If this were not so, then every suitor disgruntled by judges' rulings could file an affidavit and force the judge to step aside and continue to do this until a judge satisfactory to him has been assigned.

It will be observed in the affidavit there is no allegation of personal animosity or hostility towards the plaintiff or favoritism towards the defendant. It should be noted that the Act speaks of *"personal* bias or prejudice". See Green v. Murphy, 259 F.2d 591 (3d cir. 1958) wherein Judges Hastie and Staley in their concurring opinion stated: "We think congress used 'bias or prejudice' in the conventional sense of enmity or hostility." In this connection this member of the court states that he does not know the plaintiff except from seeing him during proceedings in this case and knows nothing about this case except what has been learned in the courtroom and from examining the papers in the case and briefs of counsel. Nor, on the other hand, does the court have any interest in or connection with the defendant Ford Motor Company or its counsel. There is no averment in the affidavit to the contrary.

All that the within affidavit sets forth is complaints about the rulings of the court. It has been many times held that under the act in question prejudice and bias cannot relate to matters of the court's rulings which are basically the only complaint here. See Boyance v. United States, E.D.Pa.1967, 275 F.Supp. 772, where Judge Luongo in the Eastern District refused to disqualify himself. In Ex parte Amer. Steel Barrel Co., 230 U. S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379, (1913), the court said "it (affidavit of prejudice) was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise, but to prevent his future action in the pending cause."

More recently, in United States v. Grinnell Corp., 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966), an antitrust case, where an attempt was made to force Chief Judge Wyzanski in the District of Massachusetts to step aside, the court said:

"The alleged bias and prejudice to be disqualifying must stem from an extrajudicial force and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."

Complaint was made that certain statements of the judge indicated he had pre-judged the case and the court further said "We do not read this statement as manifesting a closed mind on the merits of the case but consider it merely a terse way of repeating the previously stated ruling that this particular evidence was

irrelevant." Most recently, in United States v. Beneke, 449 F.2d 1259 (8th cir. 1971), an attempt was made to oust Chief Judge Devitt of the District of Minnesota from participation in a case because he had previously sentenced the defendant for contempt for making a disturbance in the court during the trial of another case. The court said "This contention is without merit since the bias or prejudice alleged did not stem from an extra judicial force but rather from what the judge learned in his judicial capacity."

In light of the foregoing, we hold that the affidavit of bias or prejudice is clearly insufficient in law and therefore must be stricken and the request for this member of the court to recuse himself is refused.