**Joseph Carl BROWN, Jr.**

v.

**Ira WILSON.**

**Joseph Carl BROWN, Jr.**

v.

**Charles WHERLE et al.**

**Joseph Carl BROWN, Jr.**

v.

**The Honorable Milton SHAPP et al.**

**Civ. A. Nos. 72–755, 72–756 and 72–1109.**

United States District Court,
W. D. Pennsylvania.

Aug. 24, 1973.

708

Joseph Carl Brown, pro se.

Donetta W. Ambrose, Asst. Atty. Gen., Pittsburgh, Pa., for defendants.

## OPINION

SNYDER, District Judge.

The plaintiff, Joseph Carl Brown, Jr., presently has the following four civil actions before this Court: Civil Actions 72–13, 72–755, 72–756, and 72–1109. By Order of Court entered June 14, 1973, 363 F.Supp. 703 these cases were scheduled for preliminary hearing for Tuesday, August 7, 1973; Plaintiff moved for continuance and such was granted on August 1, 1973; the Preliminary Hearing was rescheduled for August 16, 1973.

At the hearing plaintiff sought a continuance in regard to Civil Action 72–13 until the appeal that he claimed he had taken to the Third Circuit Court of Appeals was ruled on. This continuance was granted.

In regard to the remaining actions, plaintiff brought a "Motion For Disqualification of Trial Judge". His allegations consist of the following:

"(1) The court has, without reservation, embarked on a 'foul play' compaign" against the plaintiff; has denied to the plaintiff even the most fundamental rights, and has completely ignored the fact that he is (by law) a neutral party in any litigation that is brought before him for his consideration. The actions of the Judge sought to be disqualified also raise a

serious question of his legal competency as will hereinafter be more fully set forth . . . in detail supported by facts that are a matter or record.

(a) On the 17th of May, 1973, Judge Snyder denied the plaintiff leave to proceed in forma pauperis in an action filed against the Commonwealth of Pennsylvania. This action was based upon the fact that all appellate courts of Pennsylvania claim that it is not within their power to compel an inferior tribunal to perform its duties (sic). In the court's denial the following statement was contained:

'This court concurs with the opinion of Circuit Judge Joseph F. Weis, Jr. (then a District Court Judge) of March 26, 1973, at Miscellaneous 5748 that:

'This court feels that Brown's litigation campaign has two objects:

1. To harass prison, court and prosecution officials so that he will be granted an early release in order to stop his litigation, and

2. To spend as much time out of prison and in the more pleasant confines of the courtroom as possible.'

Also, Judge Snyder not only denied plaintiff leave to proceed in forma pauperis as of the present moment, but went on to say that any future complaint filed in re the said issue (is) denied.

(b) On June 10th, 1973, Judge Snyder issued an order dismissing an action against the Allegheny County Court that was based on the fact that said court does not allow indigents to file civil actions in forma pauperis. Originally Judge Weis had granted the plaintiff leave to proceed in forma pauperis and had appointed counsel to represent the plaintiff. In a letter to the plaintiff Judge Weis expressed his concern about the case and urged the plaintiff to accept counsel. Said Judge went on to say that the case was important to him. In retrospect it should be noted that Judge Snyder

has relied on negative statements of Judge Weis but has refused to take note of any of the positive ones. The court went on to dismiss the case as being frivolous despite the actions of Judge Weis.

Furthermore, as Judge Weis has granted the plaintiff leave to proceed in forma pauperis and had order service of the complaint, it was not within the power of Judge Synder to dismiss the action without a response from the respondents.

(c) As to the legal competency of Judge Snyder the plaintiff submitts the following which is a matter of certified record of the United States District Court for the Weatern District of Pennsylvania:

As aforestated Judge Synder dismissed a complaint filed by the plaintiff against the commonwealth of Pennsylvania which was based upon the fact that all of the appellate courts of said commonwealth claimed that they did not pssoess the power to compel an inferior tribunal to perform its duties. The principal subject matter of this litigation was that the plaintiff had filed a civil suit in state court and the state court refused to act upon it . . . at all . . . The defendant in the suit was an attorney that plaintiff has (attempted to sue in federal court) but was unable to obtain relief as the federal court concluded that the attorney was immune under federal law. Now, and admittingly this is going to sound more than a little like being an outright untruth, Judge Synder somehow concluded that, as the federal courts had denied relief to the plaintiff for acts committed by the attorney, the issue in plaintiff's uit against the Commonwealth

which was based on plaintiff's inability to be heard in a state court, had been finally litigated. (sic) This is not the rationale of a Federal Judge who is well versed in the law and its iterpretation. Therefore, the plaintiff contends that either the Hon. Judge Synder is legally incompetent to function as a Federal Judge or he is openly taking advantage of the plaintiff's lowly social position, his indigency and his laymenship. Either of the two, so feels the plaintiff, is sufficient reason for the said Judge to be disqualified from participating any further in any of the plaintiff's actions.

(d) The court, per Judge Synder, has denied all of the named plaintiffs of Civil Action no 72–1109 to appear at a scheduled hearing (August 16, 1973) and has denied the plaintiff the right to call witnesses on his behalf; the court has imposed no such questionable restrictions on the state." (Sic) (All errors appear in original motion)

Plaintiff also requested that proceedings be stayed pending appeal to the United States Court of Appeals for the Third Circuit, should his motion be denied.

▆ After review of the applicable law, we conclude that plaintiff's motion must be denied. The applicable law setting forth the requirements necessary to disqualify a judge is contained in 28 U. S.C. § 144.[1] Although plaintiff's motion does not meet the procedural requirements as set forth in the statute and could be denied for those shortcomings alone, we choose to deal with the motion on the merits.

Simply stated, plaintiff's bases of his motion are (1) that this Court is incom-

---

1. *Bias or prejudice of judge.* (28 U.S.C. § 144.)

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

petent because of its prior rulings, and (2) that the prior rulings of this Court against the plaintiff show prejudice and bias against the plaintiff.

■ The law is well settled that when considering a motion to disqualify the court must accept as true all the allegations contained in the affidavit. Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972) cert. denied 406 U.S. 976, 92 S.Ct. 2411, 32 L.Ed.2d 676; United States v. Garrison, 340 F.Supp. 952 (D.C.La. 1972); Rea v. Ford Motor Company, 337 F.Supp. 950 (W.D.Pa.1972); United States v. Partin, 312 F.Supp. 1355 (D. C.La.1970); Bradley v. School Bd. of City of Richmond, Va., 324 F.Supp. 439 (D.C.Va.1971). In Rea v. Ford, supra, Judge Knox of this Court held that the facts (but not the conclusions) must be considered as true that are alleged in the affidavit.

■ The law concerning judicial competency is that a judge is presumed to be competent and qualified to hear a proceeding. There is a substantial burden upon the movant to show grounds for believing the contrary. In re Union Leader Corporation, 292 F.2d 381 at 389 (1st Cir. 1961); United States v. Thomas, 299 F.Supp. 494 (E.D.Mo.1968). Plaintiff in his motion has not met this burden.

Plaintiff's allegations concerning this Court's incompetency, like his allegations of prejudice, are based on the adverse rulings this Court has entered on numerous petitions and motions filed by' the plaintiff. In Hanger v. United States, 398 F.2d 91 (8th Cir. 1968) cert. denied 393 U.S. 1119, 89 S.Ct. 995, 22 L.Ed.2d 124, the Court citing Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921), held that: "Bias or prejudice which can be urged against a judge must be based upon something other than rulings in the case."

In Maret v. United States, 332 F. Supp. 324 (E.D.Mo.1971) the Court held:

"Conduct and rulings of the trial judge in the case itself provide no basis for an affidavit of bias or prejudice. 28 U.S.C. § 144 which authorizes such affidavit was not intended to enable a discontented litigant to oust a judge because of adverse rulings. United States ex rel. Brown v. Smith, 200 F.Supp. 885 (D.Vt.1962), 306 F. 2d 596 (2d Cir. 1962). Repeated rulings against a litigant, no matter how erroneous and how vigorously and consistently expressed, are not a basis for disqualification of a judge on the grounds of bias and prejudice. United States v. Shibley, 112 F.Supp. 734 (S.D.Cal.1953)." (Emphasis added.)

In Rea v. Ford Motor, supra, Judge Knox held:

"All that the within affidavit sets forth is complaints about the rulings of the court. It has been many times held that under the act in question prejudice and bias cannot relate to matters of the court's rulings which are basically the only complaint here. See Boyance v. United States, E.D. Pa.1967, 275 F.Supp. 772, where Judge Luongo in the Eastern District refused to disqualify himself. In Ex parte Amer. Steel Barrel Co., 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379, (1913), the court said 'it (affidavit of prejudice) was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise, but to prevent his future action in the pending cause.'" (Emphasis added.)

The case of United States v. Grinnell Corp., 384 U.S. 563, 86 S.Ct. 1698, 16 L. Ed.2d 778 (1966) is in accord with the above rule. See also Green v. Murphy, 259 F.2d 591 (3d Cir. 1958).

The Third Circuit Court of Appeals in the case of United States v. Townsend, 478 F.2d 1072 (3d Cir. 1973), had the following to say, which is particularly applicable here:

"It is the duty of the judge against whom a section 144 affidavit is filed to pass upon the legal sufficiency of the facts alleged. Simmons v. United States, 302 F.2d 71 (C.A. 3 1962). Neither the truth of the allegations

nor the good faith of the pleader may be questioned. *Simmons, supra.* '(T)he section withdraws from the presiding judge a decision upon the truth of the matters alleged.' Berger v. United States, 255 U.S. 22, 36, [41 S.Ct. 230, 65 L.Ed. 481] (1921); see Parker Precision Products Co. v. Metropolitan Life Ins. Co., 407 F.2d 1070 (C.A. 3 1969).

"To warrant disqualification the affidavit 'must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.' *Berger, supra* at 33–34, [41 S.Ct. 230]. Clearly, more than mere conclusions are required. Inland Freight Lines v. United States, 202 F.2d 1969 (C.A. 10 1953). Facts including time, place, persons, and circumstances must be set forth. Hodgson v. Liquor Salesmen's Local No. 2 of the State of New York, 444 F.2d 1344 (C.A.2 1971)." (Emphasis added.)

For the above stated reasons, the allegations in plaintiff's Motion for Disqualification of Trial Judge are legally insufficient and, therefore, the Motion must be denied.

An appropriate order will be entered.