David A. KERSH, Plaintiff,

v.

BORDEN CHEMICAL, A DIVISION OF BORDEN, INC., A Foreign Corporation, Defendant.

BORDEN, INC., A Foreign Corporation, Third–Party Plaintiff,

v.

LIFE DISTRIBUTING, INC., a Michigan corporation, and Polar Foam, a Michigan corporation, Third–Party Defendants.

Civ. A. No. 82–CV–74444–DT.

United States District Court, E.D. Michigan, S.D.

June 14, 1988.

David A. Kersh, in pro. per.

Allan Meganck, Detroit, Mich., Daniel J. McCarthy, Troy, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

*JULIAN ABELE COOK, Jr.*, District Judge.

On May 12, 1988, Plaintiff, David A. Kersh, filed a "Motion To Quash Trial Date And To Disqualify This Court From Proceeding Any Further In This Case." Defendants, Borden Chemical and Borden, Inc. (hereinafter called Borden), have responded in opposition. Although Kersh failed to file any brief in support of his motion, he filed a "Supplemental Brief in Support of Affidavit and Motion to Disqualify" on May 26, 1988. On the following day (May 27, 1988), Kersh filed an "Additional Brief in Support of Motion to Disqualify Trial Judge." [1] The matter is now ripe for decision. [2]

Kersh seeks to disqualify this Court under 28 U.S.C. § 144 and § 455. Section 144 reads:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a

1. Because Kersh's Motion was not filed contemporaneously with a brief, Local Rule 17(f) provides that the Clerk of the Court "shall not accept for filing any motion or response not in compliance with this rule." The Clerk of this Court should not have accepted the motion for filing. Hence, Kersh's motion is not properly before the Court. Therefore, this Court must reject Kersh's motion on procedural grounds. Nevertheless, this Court will also evaluate Kersh's motion on the substantive issues which he has raised therein.

2. On May 31, 1988, this Court dismissed Kersh's Complaint based on part on his failure or refusal to appear at a hearing despite having been warned that such an action would result in the dismissal of his claims against Borden. A further explanation of the reasons for dismissing the case pursuant to *Fed.R.Civ.P.* 41(b) has been presented in a "Memorandum Opinion and Order" of this Court, dated June 14, 1988. This Court did not rule on the Motion to Disqualify at the time because it anticipated that Kersh would appear and, as such, did not expect to exercise its authority to dismiss the case. Moreover, the Court had only received his "Additional Brief" that day and did not have an opportunity to examine the pleading prior to the commencement of the hearing. Nonetheless, the fact that Kersh's Motion to Disqualify was not ruled upon prior to the dismissal will not prevent this Court from setting aside the dismissal and granting the disqualification if it is deemed to be an appropriate measure. Thus, should the Court find disqualification to be warranted, it will vacate the dismissal.

personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

▬ The facts in an affidavit must be accepted as true for the purpose of this motion. *Berger v. United States.*[3] However, the affidavit must meet exacting standards by being "definite as to time, place, persons and circumstances," and it cannot consist of mere "opinions or rumors." *United States v. Haldeman.*[4] Moreover, as 28 U.S.C. § 144 indicates, the affidavit must be accompanied by a certificate of counsel of record which indicates that it is made in good faith.

In *United States v. Story,*[5] the Court discussed the other governing legal standards under § 144:

> The facts and reasons set out in the affidavit "must give fair and adequate support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger,* 255 U.S. at 33, 41 S.Ct. at 233, *quoted in Parrish v. Bd. of Commissioners of Alabama State Bar,* 524 F.2d 98, 100 (5th Cir.1975). The legal standard requires the facts to be such as would "convince a reasonable man that a bias exists." *United States v. Thompson,* 483 F.2d 527, 528 (3d Cir. 1973). A bias sufficient to justify recusal must be a personal bias "as distinguished from a judicial one," arising "out

of the judge's background and association" and not from the "judge's view of the law." *Oliver v. Michigan State Board of Education,* 508 F.2d [178] at 180 [6th Cir.1974], *citing Knapp v. Kinsey,* 232 F.2d 458, 466 (6th Cir.1956). *Accord City of Cleveland v. Krupansky,* 619 F.2d 576, 578 (6th Cir.), *cert. denied,* 449 U.S. 834, 101 S.Ct. 106, 66 L.Ed.2d 40 (1980).

The Supreme Court has also addressed the personal bias issue:

> [the alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis *other than what the judge learned from his participation in the case.*[6]

▬ The relevant part of 28 U.S.C. § 455 states that:

> (a) Any justice, judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has personal bias or prejudice concerning a party; ...

It is well settled that "disqualification under section 455(a) must be predicated as previously under section 144, upon extrajudicial conduct rather than on judicial conduct."[7] Thus, the standard for determining whether recusal under § 455 should be granted is identical to the personal bias requirement of § 144.

There are several problems with Kersh's motion. First, his request for disqualification under § 144 must be denied because he has failed to comply with the statutory requirement that a certificate which asserts that the affidavit was made in good faith be filed with the Court. The purpose of the certificate is to (1) guard against

---

3. 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921).

4. 559 F.2d 31, 134 (D.C.Cir.1976).

5. 716 F.2d 1088, 1090 (6th Cir.1983).

6. *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966) (emphasis added).

7. *City of Cleveland v. Krupansky,* 619 F.2d 576, 578 (6th Cir.), *cert. denied,* 449 U.S. 834, 101 S.Ct. 106, 66 L.Ed.2d 40 (1980). It should also be noted that § 455 is self executing unlike § 144. However, this Court believes that this difference is not relevant to this inquiry. *See Story,* 716 F.2d at 1091.

groundless claims and the impositions that they inflict on the judicial process,[8] and (2) to "protect against an obviously untruthful affidavit ... or an unjustified attempt by a party to disqualify a judge."[9] The failure to file the requisite certificate provides a court with a basis upon which to deny a § 144 disqualification motion because Congressionally impose requirements have not been met.[10]

■ Moreover, the *pro se* status of a Plaintiff, who seeks to disqualify a party or a judge, does not excuse his failure to file the certificate of good faith.[11] This is especially true in this cause, given Kersh's extensive litigation experience, as documented in the May 19, 1988 Order of this Court. Thus, Kersh's Motion for Disqualification must be denied because of his failure to comply with the provisions of 28 U.S.C. § 144.

In *City of Cleveland v. Krupansky*,[12] the Sixth Circuit Court of Appeals held that Sections 144 and 455 must be construed *"in pari materia."*[13] According to *Black's Law Dictionary* (Fifth Edition), "Pari Materia" is defined as:

Of the same matter; on the same subject; as, laws *pari materia* must be construed with reference to each other.

Thus, if Kersh's failure to file a certificate of good faith renders his affidavit insufficient for purposes of § 144, this affidavit is also insufficient under § 455 given the *pari materia* rule.

Nevertheless, the Court will proceed in the alternative and assume, *arguendo*, that the absence of a certificate of good faith does not require a denial of Kersh's disqualification motion. Therefore, the Court must determine whether Kersh has made a sufficient showing of personal extrajudicial bias. An examination of his allegations clearly show that the answer is no.

As a preliminary point, it should be noted that 28 U.S.C. § 144 specifies that "[a] party may file only one such affidavit in any case." In Kersh's "Supplemental Brief in Support of Affidavit and Motion to Disqualify," he has filed six affidavits in addition to his own affidavit. Technically, these six other affidavits are not appropriate parts of the record in connection with this motion. As a consequence, this Court will focus principally on Kersh's affidavit.[14]

■ Kersh must "rely on extra-judicial conduct rather than matters arising in a judicial context" to show the necessary personal bias.[15] Even the captions to Kersh's affidavit shows he is upset at the judicial decisions, not any alleged extra-judicial conduct.

The Kersh Affidavit is divided into three sections. The first section is entitled "Plaintiff's Affidavit Relating to Order of April 29, 1988." In this section, Kersh discusses seven statements by this Court in its April 29, 1988 Order to which he objects. The second section is entitled "Plaintiff's Allegations Relating to February 10, 1988 Order." The third section is entitled "Plaintiff's Allegations Relating to February 10, 1988 Order." These headings demonstrate that Kersh essentially objects to the written decisions of this Court in this cause. These decisions arise in, and are of the essence of, a judicial context and, thus, do not support his request for disqualification. An examination of Kersh's specific allegations also reflects his belief that this Court has made incorrect decisions. Notwithstanding, his reasoning does not justify a disqualification.

■ Several of Kersh's specific allegations merit discussion. He alleges that this Court improperly held an *in camera* meeting with lawyers from the law firm of Zeff,

**8.** *United States v. Haldeman, supra.*

**9.** *Morrison v. United States,* 432 F.2d 1227, 1229 (5th Cir.1970).

**10.** *See e.g. Beland v. United States,* 117 F.2d 958, 960 (5th Cir.1941), *cert. denied,* 313 U.S. 585, 61 S.Ct. 1110, 85 L.Ed. 1541 (1942).

**11.** *Boyance v. United States,* 275 F.Supp. 772 (E.D.Pa.1967).

**12.** *Supra.*

**13.** 619 F.2d at 578.

**14.** The Court will briefly address the other affidavits as well *infra.*

**15.** *Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir.1980).

Zeff & Materna on November 23, 1987.[16] He then states:

> Plaintiff *understands* that this Court made it abundantly clear that it disliked plaintiff intensely; believed the plaintiff was not medically ill and that it would severely sanction the plaintiff if he insisted on his right to trial.[17]

This portion of Kersh's affidavit is clearly insufficient because he fails to reveal the source of his supposed "understanding" (that the Court disliked him) with any of the specificity or detail required.[18]

This same issue arose in *United States v. Cohen*[19] where the Court held that:

> *Alleged* statements and conclusory generalities about *undescribed* official gestures and expressions in the case are not properly grounds for disqualification ... *Any remarks of the court that are relied upon must be set forth in the affidavit.*[20]

In addition, there was no partiality or any appearance of partiality during the *in camera* meeting because the Zeff firm was in attendance as a representative of Kersh and even succeeded in obtaining the adjournment of the trial that he had sought. In *Bradley*, the Sixth Circuit Court of Appeals held that the fact that the trial judge had an *ex parte* meeting with one side did not justify his disqualification. Kersh's case is even weaker than *Bradley* because an advocate for his position was present. Finally, all of these procedings were in the context of this judicial proceeding and, thus, were not extrajudicial.

■ On page five of his Affidavit, Kersh contends that this Court "so intimidated" and "unnerved" the Zeff firm that they were destined to reject any participation in this case as his counsel. These assertions are totally devoid of specific reference to any statement, action or conduct by this Court which brought about these supposed results. Thus, his allegations do not meet the required standards of specificity about which this Court has already spoken.

On page seven of his Affidavit, Kersh says the bias and extrajudicial conduct of this Court is demonstrated by its awareness of his other judicial activities:

> Plaintiff further alleges that the mere fact that this court has set out to monitor plaintiff's alleged legal activities establishes that the court is no longer an unbiased trier of fact, but an active advocate for the defendants and maintains a personal bias against the plaintiff.

■ Kersh's assertion is totally without merit. The awareness of his litigation activities is not extrajudicial conduct. He has repeatedly referred to his other legal proceedings in an effort to obtain adjournments and delays in this case. Thus, it was Kersh—not the Court—who made those activities an issue in *this* case. For example, in an October 30, 1987 letter to this Court, Kersh sought an adjournment of a hearing because of his need to work on three cases before the Honorable Patrick Duggan, as well as on several appeals, including *Kersh v. All Pointes* and *Kersh v. Great American Insurance Company*. Given his reliance on other cases to avoid his responsibilities here, the Court has the authority and duty to take "judicial notice" of these other activities. Even in this Affidavit, Kersh asserts that the Court set a hearing on May 31st and a trial on June 6th in an effort "to prevent [him] from going forth with depositions set for May 31, 1988."[21]

---

**16.** The reason for the *in camera* hearing, about which Kersh complains, is discussed in an April 29, 1988 Order of this Court at pages 2–3 and footnote 3. Moreover, contrary to Kersh's accusations, this Court does not have any hatred or personal dislike of him. It has treated Kersh in this case as it would any other litigant who, like him, abuses the judicial process.

**17.** Kersh Affidavit at 4 (emphasis added).

**18.** *See e.g. U.S. v. Haldeman, supra.*

**19.** 644 F.Supp. 113, 116–117 (E.D.Mich.1986).

**20.** (Emphasis added).

**21.** This Court set those hearings without any knowledge of Kersh's schedule in any other case. Although this Court is aware that Kersh's other cases exist, it does not know the schedules of those cases. It is unfortunate that Kersh is still unwilling to acknowledge at this late state that this Court may schedule its own cases on dates and at times without initially obtaining his consent or approval.

Finally, he alleges a personal bias in the determination by this Court that he, at most, suffers from severe allergies.[22] First of all, this is judicial conduct since Kersh has raised his alleged illness as the reason for an adjournment of his trial. Second, the April 29, 1988 Order of this Court details its view of the medical evidence and Kersh's other actions. This is clearly not extrajudicial conduct. In summary, Kersh's Affiavit shows no personal bias arising out of any extrajudicial conduct by this Court. Hence, his request for the disqualification of this Court must be denied.

Many of the other affidavits, which have been filed in this cause, consist of allegations that Kersh's former counsel, Marvin Berris, is an incompetent lawyer. Kersh's assertions—even assuming, *arguendo*, them to be true—raise issues regarding earlier rulings of the Court. However, none of these rulings constitute extrajudicial conduct.

In addition to his Affidavit, Kersh makes various unsworn assertions which, in his opinion, justifies the disqualification of this Court. On the first page of his "Supplemental Brief," Kersh contends that:

An examination of the cases cited by this court as relating to the plaintiff in the Federal Court and the Oakland County Circuit Court *do not support this court's claim that plaintiff has personally filed 42 cases in the Oakland County Circuit Court and ten cases in the Federal Court, pro se.*

The fundamental and inescapable problem with Kersh's major argument is that this Court *never* said that he had "personally filed" these lawsuits. In its May 19, 1988 Order, this Court stated that "Kersh has been *involved in* over forty-two cases in Oakland County (Michigan) Circuit Court since 1973." [23] The Court deliberately chose not to assert that Kersh had "personally filed" the lawsuits because it did not have sufficient knowledge on that point. However, this Court was certain that he had extensive "involvement" in those litiga-

tion activities as a party or through one of his corporations. The remainder of Kersh's Supplemental Brief confirms the conclusions of this Court on this issue.

Indeed, the only mistake by this Court was in *under* estimating his litigation activity. According to Borden in its response to Kersh's disqualification efforts, he has been involved in one hundred and seven lawsuits in Oakland County (Michigan) Circuit Court. In support of its representations, Borden attached a certified copy of Kersh's Oakland County Circuit Court litigation activities.

Most of Kersh's allegations in his May 12, 1988 Motion to Disqualify are extremely vague and have been dealt with in other Orders. Thus, the reasons for (1) denying Kersh an opportunity to "amend his pleadings," [24] and (2) maintaining jurisdiction [25] were set forth in November 3, 1987 and February 10, 1988 Orders of the Court. Nothing within these rulings suggests any basis for disqualification. Moreover, contrary to Kersh's assertions, this Court extended several opportunities to obtain new counsel, as discussed *supra.*

Kersh raises several new allegations in his "Additional Brief." The major problem with these accusations is that they all involve judicial rulings in this particular case. There is no sufficient new allegation of any improper extrajudicial conduct. Indeed, most of the "Additional Brief" reads like a list of arguments against the May 19th Order. For example, Kersh asserts that this Court sent a copy of its April 29, 1988 Order to the 16th Judicial Court of Michigan in connection with a lawsuit involving him. As proof of this fact, he attaches the first page of a copy of the Order which bears the "Received" stamp of the 16th District Court on it. However, he offers no proof—only unbridled speculation to this claim. It is unfortunate that Kersh attempts to turn this undocumented accusation into some form of conspiracy against him.

22. Affidavit at 12 n. 4.

23. Order at 4.

24. Motion at ¶ 4(d).

25. *Id.* at ¶ 4(e).

Kersh also suggests that this Court was biased in its failure to enter a protective order for him despite having done so for Borden. Kersh's argument ignores the fact that he never filed any motion which sought the relief of a protective order. Indeed, Kersh attached an unsigned proposed protective order which, in his judgment, demonstrates a prejudice by the Court against him. Unfortunately, he fails to recognize that this document was neither presented to, or acted upon by, this Court. Moreover, this protective order does not even indicate whether the parties agreed to its entry by the Court. Kersh's contention is without merit.

Finally, Kersh does not deny that he did not appear for scheduled depositions, as set forth in the May 19th Order of this Court. He simply says that he has "no memory of requesting an adjournment." [26] Kersh also claims that Berris did not inform him of the medical examinations which he acknowledges to have missed. Yet, curiously, Kersh states that:

> If, in fact, said notice exists plaintiff alleges they woudl have been in conflict with hearings plaintiff was reuqired to attend or were set for times when Kersh was out of this State.[27]

This statement clearly shows Kersh is not at all certain why he missed the examinations and, indeed, offers several possible stories.

For all the above reasons, Kersh has not stated any grounds for disqualification. Accordingly, his Motion To Quash Trial Date And to Disqualify This Court From Proceeding Any Further In Thhis Case must be denied.

IT IS SO ORDERED.

---

**26.** Additional Brief at 6.

**27.** Additional Brief at 4.